IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**UNITED STATES OF AMERICA**                                                                                **PLAINTIFF**

v.                                             **Case No. 4:16-cr-00003-05**

**ERIC DESHON WILLIAMS**                                                                        **DEFENDANT**

**ORDER**

Before the Court is a letter from defendant Eric Deshon Williams. *See* Court's Exhibit A. Mr. Williams states that his letter is "a grievance complaint against [his] court appointed attorney Geoffrey Davis Kearney due to the facts [sic] he has been ineffective in my appeal." (*Id.*). He asks the Court to "take a look into these complaints and address them accordingly." (*Id.*).

The Court recognizes that an allegation of ineffective assistance of counsel generally is sufficient to state a claim under 28 U.S.C. § 2255. *See, e.g.*, *United States v. Sellner*, 773 F.3d 927 (8th Cir. 2014) (examining a § 2255 claim based on ineffective assistance of counsel). A criminal defendant is constitutionally entitled to the effective assistance of counsel on direct appeal, as well as at trial. *See Evitts v. Lucey*, 469 U.S. 387, 396 (1985); *Bear Stops v. United States*, 339 F.3d 777, 780 (8th Cir. 2003).

Further, claims of ineffective assistance of counsel normally are raised for the first time in collateral proceedings under 28 U.S.C. § 2255, not in direct appeals. *See, e.g., United States v. Richardson*, 390 F. App'x 614, 617 (quoting *United States v. Martinez-Cruz*, 186 F.3d 1102, 1105 (8th Cir. 1999)) ("We have stated time and again that ineffective assistance claims are best presented in a motion for post-conviction relief under 28 U.S.C. § 2255."); *United States v. Mitchell*, 136 F.3d 1192, 1193 (8th Cir. 1998) (noting ineffective assistance of counsel claims more properly raised in 28 U.S.C. § 2255 motion); *United States v. Martin*, 59 F.3d 767, 771 (8th

Cir. 1995) (stating ineffective assistance of counsel claims "more appropriately raised in collateral proceedings under 28 U.S.C. § 2255"); *United States v. Scott*, 26 F.3d 1458, 1467 (8th Cir. 1994) (declining to consider ineffective assistance of counsel claims raised for first time on direct appeal where claim not raised in a motion for postconviction relief pursuant to 28 U.S.C. § 2255).

To establish a claim of ineffective assistance of counsel, Mr. Williams must demonstrate: (1) that his attorney's performance was deficient and outside the range of reasonable professional assistance, and (2) that he was prejudiced by his counsel's deficient performance to the extent that there is a reasonable probability that but for counsel's error, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 689, 694 (1984); *United States v. Taylor*, 258 F.3d 815, 818 (8th Cir. 2001). "Judicial scrutiny of counsel's performance must be highly deferential." *Strickland*, 466 U.S. at 689.

To the extent Mr. Williams in his letter seeks to file a motion pursuant to 28 U.S.C. § 2255, the Court directs Mr. Williams to show cause within 30 days of the entry of this Order as to why his allegations are sufficient to support a claim under § 2255 for ineffective assistance of counsel or sufficient to support any other claim properly asserted under § 2255.

To the extent Mr. Williams in his letter seeks different relief and does not intend to assert a claim under 28 U.S.C. § 2255, the Court directs Mr. Williams to provide such information in writing to the Court.

It is so ordered this 15th day of August, 2022.

*Kristine G. Baker* (signature)
Kristine G. Baker
United States District Judge

Eric Deshon Williams
Reg. No 30781-009
USP Thomson SMU
P.O. Box 1002
Thomson, IL 61285
July 21, 2022

United States District Court
   Clerk's office
Richard Sheppard Arnold United States Courthouse
   600 W. Capitol Avenue
     Suite A-149
Little Rock, Arkansas 72201-3325
  4:16-cr-00003-KGB USA v. Mitchell et al
Dft No. 5 - Eric Deshon Williams

**EXHIBIT COURT'S A**

Honorable Judge Baker,

  I'm writing you this letter as a grievance complaint against my court appointed attorney Geoffrey Davis Kearney; due to the facts he has been ineffective in his assistance in my appeal.

  I was appointed Mr. Kearney back in Dec. 2020 and since that time I've communicated with him twice via phonecalls once in March 2021 and again in Oct. 2021. Since he's been appointed to represent me in my conviction appeal I've requested over twenty (20) times material (E.g. Copy of Indictment, Pretrial motions, Suppression hearing transcript, trial transcripts, Discovery, Sentencing transcripts etc. al) but to no avail.

  He (Mr. Kearney) even filed a brief appeal on my behalf with the the Eighth Circuit court of appeals without my consent. Omitting arguments and plain errors in my case I wanted to present.

  I'm requesting you take a look into these complaints and address them accordingly. Thank You;

                                                                                                                                    *[signature]*

**From:**
Eric Deshon Williams
# Reg. No. 30781-009
USP Thomson SMU
P.O. Box 1002
Thomson, IL 61285
Legal Mail

**Postmark:** QUAD CITIES IL PSCF, 25 JUL 2022 PM, IL 612 2:T

**To:**
United States District Court
Clerk's Office
Richard Sheppard Arnold United States Courthouse
600 W. Capitol Avenue
Suite A-149
Little Rock, Arkansas 72201

72201$3559

FEDERAL BUREAU OF PRISONS
POST OFFICE BOX 1002
THOMSON, IL 61285

The enclosed letter was processed on _____ through special mailing procedures. The letter has neither been opened nor inspected. If the writer raises a question or problem over which this facility has jurisdiction, you may wish to return the material for further information or clarification. If the writer encloses correspondence for forwarding to another addressee, please return the enclosed materials to the above address.

AUSP Thomson
JUL 25 2022
Received in CSD